**Francisco Socorro SILVA, Petitioner—Appellant,**

v.

**J.C. HIGGINS, INS Commissioner; Mike Adams, Warden, Respondents—Appellees.**

No. 02–55794.

United States Court of Appeals, Ninth Circuit.

Submission Deferred Aug. 6, 2003.

Submitted Oct. 30, 2003.*

Decided Nov. 3, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Francisco Socorro Silva, pro se, White Deer, PA, for Petitioner-Appellant.

Terri J. Scadron, Esq., Earle B. Wilson, DOJ–U.S. Department of Justice, Washington, DC, for Respondents-Appellees.

Before: KLEINFELD, WARDLAW, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Francisco Socorro Silva, a Mariel Cuban in Immigration and Naturalization Service ("INS") detention for over seven years, petitions for habeas corpus relief pursuant to 28 U.S.C. § 2241. Silva argues that he is entitled to a determination whether his removal to Cuba is reasonably foreseeable and, if it is not, that under *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), he should be released. We deferred submission pending our decision in *Marquez v. INS*, 346 F.3d 892 (9th Cir.2003), which now controls this case. In *Marquez*, we held that the *post*-IIRIRA presumptive six-month limit on the detention of admitted aliens ordered deported, and inadmissible aliens ordered removed, also applies to aliens ordered excluded under *pre*-IIRIRA law. *Id.* at 898–99. Because under *Marquez* Silva is entitled to a determination whether his removal to Cuba is reasonably foreseeable, and if it is not, to a conditional release, *id.* at 902, we reverse the district court's denial of Silva's habeas petition and remand for further proceedings consistent with our opinion in *Marquez*.

**REVERSED and REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.